J-E01002-14

2014 PA Super 178

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES NEWMAN | |
| Appellant | No. 1980 EDA 2012 |

Appeal from the Judgment of Sentence June 13, 2012
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000068-2011

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., BENDER, P.J.E.,
PANELLA, J., DONOHUE, J., ALLEN, J., LAZARUS, J., MUNDY, J.,
and OLSON, J.

CONCURRING OPINION BY MUNDY, J.:            **FILED AUGUST 20, 2014**

I join the Majority insofar that it decides that an issue under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), pertains to the legality of the sentence and may be raised *sua sponte*. I further agree that given *Alleyne* and our Supreme Court's decision in *Commonwealth v. Hanson*, 82 A.3d 1023 (Pa. 2013), the error in this case was not harmless and resentencing is required. I also agree with the Majority's rejection of the Commonwealth's request for a remand to empanel a second sentencing jury. However, I part company with the Majority in its treatment of Section 9712.1 in that it declares the entire statute unconstitutional in light of *Alleyne*. Therefore, I respectfully concur in the result.

As the Majority aptly notes, the Statutory Construction Act addresses severability. *See* 1 Pa.C.S.A. § 1925. Our Supreme Court recently held that Section 1925 "creates the presumption that the provisions of every statute are severable." ***Robinson Twp., Washington Cnty. v. Commonwealth***, 83 A.3d 901, 988 (Pa. 2013) (plurality). ***Alleyne*** is an extension of the line of cases beginning with ***Apprendi v. New Jersey***, 530 U.S. 466 (2000). In ***Alleyne***, the Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. ***Alleyne***, *supra* at 2163. As the Majority itself concludes, these facts are not actually "sentencing facts" at all, but rather "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury." ***Id.*** at 2161.

In ***Commonwealth v. Watley***, 81 A.3d 108 (Pa. Super. 2013) (*en banc*), *appeal denied*, --- A.3d ---, 1033 MAL 2013 (Pa. 2014), this Court confronted another application of Section 9712.1 after ***Alleyne*** was decided. We ultimately concluded the error was harmless as "the uncontroverted evidence in the instant case established that one firearm was located in the same glove compartment as the drugs and another handgun was located on the passenger-side floor in close proximity to the drugs[.]" ***Id.*** at 121. However, before arriving at that conclusion, the ***Watley*** Court took a survey of ***Alleyne*** and its effect on mandatory minimum statutes in this

Commonwealth. Specifically, **Watley** noted that only Section 9712.1(c) is unconstitutional in light of **Alleyne**.

> The **Alleyne** decision, … renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.[4]
>
> [4] **See e.g.**, 42 Pa.C.S. § 9712(c); **42 Pa.C.S. § 9712.1(c)**; 42 Pa.C.S. § 9713(c); 42 Pa.C.S. § 9718(c); 42 Pa.C.S. § 9719(b); 18 Pa.C.S. § 7508(b); 18 Pa.C.S. § 6317(b).

**Id.** at 117 (emphasis added; other footnote omitted). However, in the case *sub judice*, the Majority goes against **Watley**, and in my view beyond **Alleyne**, and strikes all of Section 9712.1.[1] The Majority concludes that the entire statute must be stricken as "there is no mechanism in place to determine whether the predicate of Subsection (a) has been met." Majority Opinion at 28. I cannot agree.

Applying **Alleyne** to this case, the effect is to combine the PWID conviction in this case, along with the element at Section 9712.1(a), to

---

[1] I cannot agree with the Majority's assertion that footnote 4 of **Watley** is mere *dicta*. **See** Majority Opinion at 27 n.9. The statement of **Alleyne**'s effect on mandatory minimum sentencing statutes in Pennsylvania is essential to the judgment of the **Watley** Court, because if Section 9712.1 could not be applied to Watley's case, his judgment of sentence would have to be vacated as there would be no statutory authorization for his mandatory minimum sentence. **See, e.g.**, **Commonwealth v. Hopkins**, 67 A.3d 817, 821 (Pa. Super. 2013) (stating, "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction[]"), *appeal denied*, 78 A.3d 1090 (Pa. 2013).

create the new aggravated crime of, as the Majority puts it, "possessing a firearm while trafficking drugs." *Id.* Although this is a new aggravated offense, it does not follow that "there is no mechanism" for its application in future cases. *Id.* To the contrary, *Alleyne* has already specified the mechanism for such an application. The jury should be instructed on the elements of the core crime, in this case PWID, and the aggravated offense, and the factfinder is free to find a defendant guilty or not guilty of the core and/or the aggravated offense beyond a reasonable doubt as required by the Sixth Amendment. Thereafter, the trial court shall sentence the defendant consistent with the jury's verdict, as required by the Sixth Amendment. *See generally* Pa.R.Crim.P. 647 (pertaining to the trial court's instructions to the jury), 648 (pertaining to the jury's verdict). Criminal offenses contained within the Crimes Code, Motor Vehicle Code, and the Controlled Substance, Drug, Device and Cosmetic Act do not generally specify any mechanism for how the elements of those offenses shall be found. In my view, there is no practical reason why the same process for a new aggravated offense cannot be followed.[2] Section 9712.1(a) gives the

_____

[2] I certainly agree the General Assembly is free to legislatively repeal Section 9712.1 altogether if it wished to do so, or move the same to the Crimes Code or the Controlled Substance, Drug, Device and Cosmetic Act. However, I do not think it is entirely clear that the General Assembly would be permitted to promulgate a new, in the Majority's words, mechanism for aggravated offenses under *Apprendi* and *Alleyne*. It is axiomatic that our Constitution bestows upon our Supreme Court, not the General Assembly,
*(Footnote Continued Next Page)*

- 4 -

elements of the aggravated offense and **Alleyne** and pre-existing procedure provides the method for implementation, a jury verdict with proof beyond a reasonable doubt. Therefore, no special mechanism is required.

Neither the Federal nor the Pennsylvania Constitution prohibits the General Assembly from enacting mandatory minimum sentences, or as **Alleyne** states, aggravated offenses. **Alleyne** merely requires that the element for said offense be submitted to the jury and found beyond a reasonable doubt. Because Section 9712.1(c) states the contrary, it cannot be constitutionally applied going forward, as this Court noted in **Watley**. However, by voiding all of Section 9712.1, including Subsection (a) which authorizes the offense, the Majority unnecessarily deprives the General Assembly of its objective of having those who "possess[] a firearm while trafficking drugs[]" serve higher sentences than those who are guilty of PWID alone.

The Majority further argues that all of Section 9712.1 must be stricken because "Subsections (a) and (c) of Section 9712.1 are essentially and inseparably connected." Majority Opinion at 28. However, the Statutory Construction Act imposes a higher burden to overcome the presumption of severability. Section 1925 requires that Subsections (a) and (c) be "**so**

*(Footnote Continued)* _____

the exclusive power to engage in rulemaking for our courts. **See generally** Pa. Const. Art. V, § 10(c) (stating, "[t]he Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts[]").

essentially and inseparably connected with, and **so depend upon**, the void provision or application, **that it cannot be presumed** the General Assembly would have enacted the remaining valid provisions without the void one[.]"  1 Pa.C.S.A. § 1925 (emphases added).  I cannot agree that Subsection (a), which gives the element of the offense, is "essentially and inseparably connected with" Subsection (c) which, for *Alleyne* purposes, merely states the burden of proof and that it shall be found by the sentencing judge.[3]  *Id.*  As I have described above, pre-existing procedure and *Alleyne* specify that the burden of proof shall be beyond a reasonable doubt and it shall be submitted to the jury.  Subsection (a), which only gives the element for the aggravated offense, can therefore be severed from the now-unconstitutional burden of proof at Subsection (c).  However, even if I could agree with the Majority that Subsections (a) and (c) could be connected, I cannot conclude that the General Assembly would want those "possessing a firearm while trafficking drugs[]" to serve higher sentences if it can be found by a judge by a preponderance, but not if the element is to be found by a jury beyond a reasonable doubt.  Therefore, in my view, Section 1925's presumption in favor of severability has not been overcome.

_____

[3] Although Appellant's brief asks that we declare the entirety of Section 9712.1 unconstitutional, his argument as to *Alleyne* limits itself to the assertion that, "the express wording of *42 Pa.C.S. § 9712.1(c)* is contrary to the Supreme Court's holding in *Alleyne*[.]"  Appellant's Brief at 5 (emphasis in original).

Based on the foregoing, I conclude that the Majority's voiding Section 9712.1 in its entirety is contrary to the Statutory Construction Act, **Watley**, and beyond the scope of **Alleyne**'s mandate. Therefore, I would hold that only Section 9712.1(c) is unconstitutional consistent with **Alleyne** and **Watley**. Accordingly, I respectfully concur in the result only.